Juhel and Delonguemere v. Church.

[*333]    *JUHEL AND DELONGUEMERE against CHURCH.

A. having chartered a ship to bring a cargo from the Spanish Main to New York, effected a policy of insurance on the *profits*, valued at 12,000 dollars ; no other proof of interest to be required but the policy ; and if the goods did not arrive, the insured was to recover for a total loss ; and the goods were warranted free from average and without benefit of salvage to the insurer. The vessel finding no cargo at the Spanish Main, returned to New York in ballast, without any goods.  A. brought an action against the insurer for a return of premium ; and it was held, that the insurer having run the risks enumerated in the policy, and the ship having returned in safety, A. was not entitled to a return of premium.

THIS action was brought for a return of premium.   At the trial, a verdict was found for the plaintiffs, subject to the opinion of the court, on a case ; and if the court should be of opinion against the plaintiffs, a judgment of nonsuit was to be entered.

The plaintiffs chartered the ship Three Sisters to bring a cargo of wines from the Spanish Main to New York ; and had insured, by a valued policy, 12,000 dollars on goods for the voyage.   But although in the printed part of the policy the same was stated to be on goods, yet by a memorandum in writing at the bottom of the policy, it was declared to be on *profits*, and that no other proof of interest was to be required than the policy, and that if the goods did not arrive, the assured was to recover for a total loss, and the same was warranted free from average and without benefit of salvage to the insurer.   The ship found no cargo at the Spanish Main, and returned to New York in ballast, without any goods whatever.

*B. Livingston*, for the plaintiffs.

. *Pendleton*, contra. ˙

KENT, J.   I consider this as a wager policy.   It has the *indicia* of a wager policy, as they are pointed out by the cases on the subject.  (Doug. 468.   Park, 259.)   Here was to be no other proof of interest required than the policy itself, and if the goods did not arrive the insurer was to pay.   It was in fact betting on the return of the ship, and if she

had not returned, in consequence of any peril enumerated in
the policy, the plaintiff would, on its production,
have been entitled to the sum insured.   *As the    [*334]
plaintiffs claim a return of premium, it has been made
a question whether this be a valid policy.   If it be unlawful
and consequently void, on the ground of its being a wager
policy, the assured is not entitled at any rate to a return of
premium, for *in pari delicto potior est conditio possidentis.*(a)
It was so decided in the cases of *Lowry* v. *Bourdieu,* (Doug.
468,) and *Andre* v. *Fletcher,* (3 Term Rep. 266.)   But sup-
posing the policy to be good, (and I wish not to be under-
stood as intimating any opinion to the contrary,) I am equal-
ly of the opinion that the plaintiffs are not entitled to reco-
ver, because the defendant has run a risk, which is the con-
sideration for the premium.   I consider this policy as amount-
ing to a bet on the return of the ship.   If she had not return-
ed, and the plaintiffs could have shown it was in consequence
of some peril within the purview of the policy, they must
have been entitled, as a matter of course, to the sum insured,
without proving any interest or goods on board.   The de-
fendant must, therefore, be considered as having run the risk
of the ship during the voyage.   But as the ship returned in
safety, I do not consider him responsible, because the goods
did not arrive.   It could never have been the meaning of the
parties, that whether the ship did or did not arrive, the de-
fendant was at all events to pay the 12,000 dollars.   This
would be a contract without any reciprocity and altogether
absurd.   The plaintiffs, by the form of this action, have
given a different interpretation to it.   The policy enumerates
a variety of perils or risks, which the defendant assumed to
run ; and there must have been some subject to which they
could be applied, and this, in the present case, could be no
other than the ship.   When, therefore, the policy says that
no other proof of interest was to be required than the policy;
and that if the goods did not arrive, the assured was to reco-
ver, its meaning was, that if the ship did not arrive in con-

(a) See Bro. Max. 323.

[*335] sequence of any peril mentioned, the assured was to recover the value of his *profits, without proving any goods on board from which the profits were to arise.

As the defendant has, therefore, run the risk intended by the policy, I see no pretence for a return of premium, and judgment of nonsuit ought to be entered.(*b*)

RADCLIFF, J. and LEWIS, J. were of the same opinion.

LANSING, Ch. J. dissented.

Judgment of nonsuit.

(*b*) It seems to have been conceded, that *Buchanan* v. *Ocean Ins. Co.* (6 Cowen, 318,) *Clendenning et al.* v. *Church*, (3 Caines, 141,) and the principal case, established the validity of wager policies in New York. (1 Duer on Ins. 94. 1 Phillips on Ins. 3, 4. See, however, per Ogden, *arg.* 6 Cowen, 325.) The Revised Statutes, (1 Rev. Statutes, ch. 2, p. 666, § 8, 9, 10,) however declare that " all wagers, bets or stakes, made to depend upon any gaming by bet or chance, or upon any bet, chance, casualty, or unknown or contingent event whatever, shall be unlawful; and that all contracts for or on account of any money or property, or thing in action so wagered, bet, or staked, shall be void." Mr. Duer remarks upon this section of the statute, that " the prohibition is so general in its terms, that it might well be construed to embrace all insurances whatever; but to guard against this construction, insurances made in good faith, for the security or indemnity of the party insured, and not otherwise prohibited by law, are, by a subsequent clause, excepted from its operation." (1 Insurance, 94.) Wager policies are held void in Massachusetts; (*Amory* v. *Gillman*, 2 Mass. 1; *Babcock* v. *Thompson*, 3 Pickering, 446;) in Pennsylvania; (*Pritchett* v. *Ins. Co. of N. A.* 3 Yeates, 464; *Craig* v. *Murgatroyd*, 4 Yeates, 161; *Adams* v. *Penn. Ins. Co.* 1 Rawle, 107; *Edgell* v. *M'Laughlin*, 6 Wheaton, 176;) and generally throughout the United States. (1 Duer on Insurance, 95. See 1 Duer on Insurance, (p. 154, 155,) for a construction of the foreign authorities upon this question.